UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. NICHOLS, <br><br> *Plaintiff*, <br><br> v. <br><br> THOMAS J. VILSACK, Secretary, U.S. Department of Agriculture <br><br> *Defendant*. | Civil Action No. 13-1502 (RDM) |

## MEMORANDUM OPINION AND ORDER

After the Court granted Defendant's motion to dismiss, Plaintiff filed her first amended complaint. Defendant's motion to dismiss the case for improper venue under Rule 12(b)(3) or to transfer the case pursuant to 28 U.S.C. § 1404(a) is now before the Court. Dkt. 28. As explained below, the Court concludes that Defendant has waived the defense of improper venue and that a transfer is not warranted. The Court, accordingly, **DENIES** Defendant's motion.

### I.  PROCEDURAL HISTORY

Barbara A. Nichols, proceeding *pro se*, filed this action against the Secretary of Agriculture on September 30, 2013. Dkt. 1. As relevant here, her original complaint alleged that while working for the Animal Plant and Health Inspection Service ("APHIS") in Riverdale, Maryland, she suffered employment discrimination on the basis of race, sex, and age in violation of Title VII and the Age Discrimination and Employment Act ("ADEA"). *Id.* ¶¶ 1–4.

After receiving two extensions of time in which to answer or otherwise respond to the complaint, Defendant filed a motion to dismiss under Rule 12(b)(6) on April 22, 2014, which Plaintiff timely opposed on May 5, 2014. Dkts. 12, 14; Mar. 18, 2014 & Apr. 16, 2014 Minute

Orders.  In its motion, Defendant raised defenses of failure timely to exhaust administrative remedies and failure to state a claim upon which relief can be granted.  *See* Dkt. 12.  Defendant did not raise improper venue as a defense at that time.  *See id.*

On December 30, 2015, the Court granted Defendant's motion and dismissed the complaint without prejudice.  *Nichols v. Vilsack*, No.13-01502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015).  With respect to Plaintiff's claims under Title VII and the ADEA, it held that Defendant could not meet its burden of proving non-exhaustion at the motion to dismiss stage, but that Plaintiff's complaint indeed failed to allege facts sufficient to state a plausible claim that she suffered a cognizable adverse employment action or was subjected to a hostile work environment.  *See id.* at *4–13.[1]

On January 27, 2016, Plaintiff filed an amended complaint.  Dkt. 23.  Plaintiff again alleged that while working for APHIS in Riverdale, she suffered discrimination on the basis of race, sex, and age in violation of Title VII and the ADEA.  *Id.* ¶¶ 2–4.  On April 8, 2016, Defendant moved to dismiss the case based on improper venue or to transfer venue to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  Dkt. 28; Mar. 10, 2016 Minute Order.  Although this action was originally brought in 2013, Defendant asserted for the first time that venue is improper in this district with respect to Plaintiff's Title VII claims, although it concedes that venue is proper with respect to her ADEA claims.  *See* Dkt. 28 at 4–5.  Plaintiff timely opposed the motion.  Dkt. 30.

---

[1] The Court also held that Plaintiff's challenge to the administrative processing of her discrimination complaint and her claim under 42 U.S.C. § 1981 were not legally cognizable.  *See id.* at *13–14.

## II.     ANALYSIS

Although venue for ADEA claims is determined by the general venue statute, 28 U.S.C. § 1391, Title VII includes its own venue provision.  The provision states that:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.  Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Defendant moves to dismiss or to transfer this case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a).  Dkt. 28 at 1.  It contends that, under the Title VII venue provision, this Court is not the proper venue for Plaintiff's Title VII claims because (1) the alleged violations occurred in Maryland, (2) its employment records are maintained electronically in Minnesota, and (3) Plaintiff does not allege that she would have worked in the District of Columbia but for the alleged violations.  Dkt. 28 at 2.  In the alternative, Defendant contends that the Court should exercise its discretion to transfer the case pursuant to 28 U.S.C. § 1404(a) based on "the convenience of parties and witnesses."  *Id.* at 6.  Although Plaintiff lives in Maryland, she opposes Defendant's motion on the ground that a transfer would "plac[e] a heavy burden on Plaintiff" by failing to ensure that the case is resolved "once and for all."[2]  Dkt. 30 at 2.  The Court addresses Defendant's arguments under Rule 12(b)(3) and 28 U.S.C. § 1404(a) in turn.

---

[2]  Plaintiff's memorandum in opposition to the motion may not be a model of clarity, but contrary to Defendant's argument in reply, *see* Dkt. 31 at 1, she has not conceded the issue of whether transfer or dismissal is proper.

### A.     Venue

The Court denies Defendant's motion to the extent that it relies on Rule 12(b)(3) and 28 U.S.C. § 1406(a) because the government waived the defense of improper venue by failing to include it in its first motion to dismiss.  Rule 12(g)(2) provides that, absent exceptions not relevant here, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  And under Rule 12(h)(1)(A), "[a] party waives [an improper venue] defense . . . by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."  *See also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely . . . objection to the venue."); *Tarta v. Nation Care, Inc.*, 864 F. Supp. 2d 173, 175 n.2 (D.D.C. 2012) (holding Title VII defendant waived any objection to venue by failing to assert such defense in its motion).

Here, Defendant "waived its objection to . . . venue by failing to assert [it] in its 'first defensive move.'"  *George Washington Univ. v. DIAD, Inc.*, No. 96-301, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996).  This objection was available when it filed its motion to dismiss Plaintiff's original complaint, yet it did not raise the issue at that time.  As relevant to the venue question, the original complaint contained the same allegations as the amended complaint—that Plaintiff was discriminated against in violation of Title VII while employed by APHIS in Riverdale, Maryland.  *Compare* Dkt. 1 ¶¶ 1–4, *with* Dkt. 23 ¶¶ 2–4.  That Plaintiff has filed an amended complaint does not excuse Defendant's waiver of a previously available defense.  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed.) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the

pleading[.]"); *see also Lederman v. United States*, 131 F. Supp. 2d 46, 58 (D.D.C. 2001) ("'A defense available at the time of an initial response to a pleading may not be asserted when the initial pleading is amended.'" (quoting *Weber v. Turner*, No. 80-412, 1981 WL 26999, at *3 (D.D.C. Oct. 2, 1980))).

  **B.**  **28 U.S.C. § 1404(a)**

  The Court denies on the merits Defendant's motion to transfer the case to the District of Maryland to the extent that it relies on 28 U.S.C. § 1404(a). "Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or responsive pleading." 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3829 (4th ed.). Section 1404(a) grants district courts discretion to transfer a case even though venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." "Courts assess motions to transfer venue according to an 'individualized, case-by-case consideration of convenience and fairness,'" balancing the private and public interests at stake. *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 89–90 (D.D.C. 2014). "The moving party bears the initial burden of establishing that transfer is proper." *Id.* at 89.

  Here, Defendant's contentions that "'the balance of private and public interests favors a transfer of venue'" are without merit. *Id.* Defendant's principal argument for a § 1404(a) transfer is that the case should be tried "in Maryland, particularly the Greenbelt Division" because three of its key witnesses reside and work in Maryland. Dkt. 28 at 8. This argument fails the straight-face test. Notwithstanding Defendant's protestations to the contrary, the Court trusts that if and when this case goes to trial, Defendant will be able to secure the testimony of these witnesses—who are current employees of Defendant, *see* Dkt. 28-1 at 3 (Carlson Decl.

¶ 8)—in the District of Columbia.  It takes less than a half hour to travel from Greenbelt, Maryland to the federal courthouse in the District of Columbia by Metro, at a cost of less than $4.00.  Defendant's headquarters, moreover, is located in the District of Columbia and its personnel records are maintained electronically.  *See id.* at 2 (Carlson Decl. ¶ 4); Dkt. 28 at 2.  "The convenience of the parties and witnesses" thus provides no plausible support for a transfer.

On the other side of the balance, this Court has already invested significant time and resources familiarizing itself with the case and ruling on Defendant's prior motion to dismiss.  Transferring the case to Maryland at this juncture would simply delay the proceedings unnecessarily.  The Court is not persuaded otherwise by Defendant's exhibit showing that the median time interval between filing and disposition of a civil case is 0.5 months shorter in the District of Maryland than in this district.  *See* Dkt. 28-5 at 2 (Ex. C).  Additionally, Defendant admits that this district is the proper venue for Plaintiff's ADEA claim and that judicial efficiency favors litigating both the ADEA and Title VII claims in one jurisdiction.  *See* Dkt. 28 at 5–6.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss or transfer the case is **DENIED.**

**So ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 2, 2016