UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. NICHOLS,<br><br>*Plaintiff*,<br><br>v.<br><br>SONNY PERDUE,[1] Secretary, United States Department of Agriculture,<br><br>*Defendant*. | Civil Action No. 13-1502 (RDM) |

## MEMORANDUM OPINION AND ORDER

In 2015, the Court dismissed *pro se* plaintiff Barbara Nichols's employment discrimination complaint against the United States Department of Agriculture ("USDA") for failure to state claim, *Nichols v. Vilsack*, 2015 WL 9581799, at *9–14 (D.D.C. Dec. 30, 2015) ("*Nichols I*"), and permitted Nichols to file an amended complaint "address[ing] the deficiencies" it had identified, *id.* at *14. Nichols filed a "revised complaint" the next month, Dkt. 23, and, again, the Court "conclude[d] that [her] amended complaint fail[ed] to state a claim for race, sex, or age discrimination," *Nichols v. Young*, --- F. Supp. 3d ---, 2017 WL 1131873, at *7 (D.D.C. Mar. 24, 2017) ("*Nichols II*"). In addition, because Nichols's "amended pleading d[id] not cure," nor even "scarcely address[,] . . . the shortcomings noted in [its] prior opinion," the Court declined to grant Nichols leave to file a second amended complaint and dismissed her amended complaint with prejudice. *Id*. Nichols now moves for reconsideration of the Court's decision, arguing, among other things, that the Court "failed to address crucial genuine issue[s]

---

[1] The current officeholder is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

of material fact" and that the Court "issued a decision without having the complete records before [it]." Dkt. 45 at 1, 9. For the reasons explained below, the Court will **DENY** Nichols's motion.

Although it is unclear whether Nichols's motion for reconsideration is brought under Federal Rule of Civil Procedure 59(e) or 60(b), it fails under either standard.

A.

Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "[twenty-eight] days after the entry of the judgment." A motion under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation marks omitted). Such motions are "generally disfavored" absent "extraordinary circumstances." *Dage v. Johnson*, 537 F. Supp. 2d 43, 48 (D.D.C. 2008). A Rule 59(e) motion "is not a vehicle to present a new legal theory that was available prior to judgment," *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012), nor is it an opportunity "to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

Here, Nichols has failed to identify any extraordinary circumstances, changes in controlling law, or errors made by the Court that would warrant relief under Rule 59(e). To the contrary, her motion appears to be premised on a misunderstanding of what the Court concluded in its March 24, 2017, memorandum opinion. The Court did not grant "summary judgment" to the USDA, Dkt. 45 at 3, 9; rather, it considered whether Nichols's amended complaint "contain[ed] 'sufficient factual matter, accepted as true, to state a claim to relief that [wa]s

plausible on its face,'" *Nichols II*, 2017 WL 1131873, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court "afford[ed] Nichols 'the benefit of all inferences that c[ould] be derived from the facts [she] alleged,'" *id.* at *5 (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)), it concluded that the factual allegations in her amended complaint did not meet the legal threshold necessary to state a claim under either Title VII or the ADEA. That means that, even if every factual allegation contained in Nichols's amended complaint was confirmed as true during "discovery procedures," Dkt. 45 at 9, her claims would still fail. As a result, there is no need to "get this case on track by allowing the parties to engage in discovery," Dkt. 47 at 3; even if supported by facts disclosed in discovery, Nichols's allegations would still be legally insufficient to merit judgment in her favor. Nichols's motion for reconsideration offers no reason why the Court should revisit that determination.

B.

Were the Court, instead, to consider Nichols's motion for reconsideration under Rule 60(b), it would reach the same conclusion. That rule permits the Court to "relieve [Nichols] from a final judgment" for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" "fraud . . . , misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief," *United States v. Dynamic Visions, Inc.*, No. 11-cv-695, --- F. Supp. 3d ---, 2017 WL 1476102, at *2 (D.D.C. Apr. 24, 2017), and "the decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). A Rule 60(b) motion "does not afford [Nichols] an opportunity to retry her case," *Greer v. Paulson*, 505 F.3d 1306, 1317 (D.C.

3

Cir. 2007), and relief under Rule 60(b)(6)'s catch-all provision is warranted in only "extraordinary circumstances," *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007)).

Nichols's motion for reconsideration fails to satisfy any of the Rule 60(b) criteria for the reasons explained above. The Court has already twice considered and dismissed Nichols's arguments. Her motion for reconsideration does not present the type of extraordinary circumstances that would warrant a third round of review.

## CONCLUSION

For these reasons, Nichols's motion for reconsideration (Dkt. 45) is hereby **DENIED**.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 5, 2017